UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE L. CLARK,

    Plaintiff,                  No. 19-11410

v.                              District Judge Paul D. Borman
                                    Magistrate Judge R. Steven Whalen

FORD MOTOR COMPANY and
FORD MOTOR COMPANY GENERAL
RETIREMENT PLAN

    Defendants.
                                   /

**OPINION AND ORDER**

      Plaintiff Andre L. Clark brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Before the Court is Plaintiff's Statement of Procedural Challenge in an ERISA Case [ECF No. 33] as to Count I of his first amended complaint, which is a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff argues that he has made a preliminary showing of bias and denial of due process that entitles him to discovery beyond the administrative record. For the reasons discussed below, the Procedural Challenge is DENIED, and the claim will be decided on the administrative record.

      **I.    BACKGROUND**

      This case arises out of Plaintiff's participation in the Ford Motor Company General Retirement Plan ("the Plan"). Judge Borman summarized the Plaintiff's claim in his Opinion and Order Granting in Part and Denying in Part Defendants'

-1-

Partial Motion to Dismiss [ECF No. 23]:

> "Plaintiff claims that Ford wrongfully refused to credit him with contributions to the Ford Contributory Service Fund ("CSF") from 2004 to 2017, resulting in reduced benefits under the Plan, and that Defendants' responses to his demands for these additional contributions, and his purported reliance on them, discouraged him from taking advantage of various separation programs and packages offered by Ford."  ECF No. 23, PageID.344.

Plaintiff worked for Ford Motor Company ("Ford") from 1986 to 2019, and elected to contribute to the CSF at the beginning of his employment, with 1.5 percent of his wages being deducted from each paycheck. These funds were invested in CSF on Plaintiff's behalf for his retirement. The Summary Plan Description states, "Contributing to the Plan can significantly increase the amount of your retirement benefits. These increased benefits are not paid if you do not make contributions."

The CSF deductions were made from 1986 to April of 2004, and were then stopped until they were resumed in 2017. However, Plaintiff alleges that he was unaware that his contributions had ceased, and that he believed he was a continuous participant in CSF.

In Exhibit 1 to its response, Defendant has submitted portions of the Administrative Record showing the administrative proceedings that culminated in this lawsuit. ECF No. 37-1, PageID.560-580. Plaintiff filed his initial claim for benefits on July 24, 2017. A claim denial letter was sent, dated January 2, 2018. *Id.*, PageID.563. Plaintiff sent an appeal letter/request on August 15, 2018, and the appeal was denied on September 6, 2018. *Id.*, PageID.567.

Plaintiff then retained counsel, who requested documents and filed a second appeal, claiming that Plaintiff had not received the September, 2018 denial letter. *Id.*, PageID.573. Defendant considered counsel's appeal letter Plaintiff's final appeal, and issued a denial on April 8, 2019. *Id.*, PageID.575-576.

Plaintiff filed the present action on May 13, 2019. In support of his procedural challenge, he asserts both bias and denial of due process.

## II.   STANDARD OF REVIEW

Beneficiaries may recover "benefits due to [them] under the terms of [the ERISA] plan" under 29 U.S.C. § 1132(a)(1)(B). In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998), the Sixth Circuit held that generally, such claims are resolved based only on the administrative record. *See also Miller v. Metropolitan Life Insurance Company*, 925 F.2d 979, 986 (6th Cir. 1991)("[W]hen reviewing a denial of benefits under ERISA, a court may consider only the evidence available to the administrator at the time the final decision was made."). Thus, discovery outside the administrative record is generally not permissible in an ERISA case. There is an exception, however, when a plaintiff brings a valid procedural challenge. In his concurring opinion in *Wilkins*, Judge Gilman stated:

> "The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges." *Wilkins*, 150 F.3d at 619.

*See also Jones-Stott v. Kemper Lumbermens Mut. Cas. Co.*, 2005 WL 8177600, at *5 (E.D. Mich. Dec. 16, 2005) ("'This language implies a claimant must identify the specific procedural challenge(s) about which he complains and that discovery must then be limited to those procedural challenges.'" (Quoting *McCann v. Unum Life Insurance Company of America*, 384 F.Supp.2d 1162, 1168 (E. D. Tenn. 2003).

### III.   DISCUSSION

Plaintiff brings this procedural challenge on the basis of both bias and denial of due process.

### A.   Bias

Plaintiff argues that Ford applies its error correction procedures in a biased manner. He claims that Ford uses its correction provisions to claw back overpayments it claims it erroneously made, but fails to apply or enforce those provisions when a claimed error would enure to the benefit of the claimant. Plaintiff contends that if the error correction provisions of the Plan had been properly applied, the result would have been favorable to him.

In support of his argument, Plaintiff cites three cases where Ford used its error correction provisions to attempt to recoup overpayments. Plaintiff summarizes his reasoning as to why he requires discovery on this issue as follows:

> "Ford's repeated reliance on the clause to correct errors that benefit it. Ford's retirement committee is empowered to 'correct any defect or supply any omission to effectuate the correctness of an employee's retirement benefits. AR, FORD 000220.The committee can make any adjustments as needed. AR, FORD 000220. It is a worthwhile inquiry to ask what is the percentage of cases where

provide support for a theory of bias or differential treatment is to engage in pure speculation. In *Beauchamp v. DaimlerChrysler Corp.*, 2011 WL 3489780, at *2 (E.D. Mich. Aug. 9, 2011), the Court held that in a procedural challenge, an ERISA plaintiff must make a predicate showing of bias beyond mere conjecture:

> "Although the Sixth Circuit has not clarified this issue in a published opinion, the relevant unpublished authority indicates that the burden is on the plaintiff to make a "predicate showing" of a procedural irregularity, or to show a conflict that is more than a "conclusory allegation of bias." *Price v. Hartford Life and Acc. Ins. Co.*, 746 F.Supp.2d 860, 864 (E.D.Mich.2010) (citing *Huffaker v. Metro. Life Ins.*, 271 Fed. Appx. 493, 504 (6th Cir.2008))."

*See also Likas v. Life Ins. Co. of North America*, 222 Fed. Appx. 481, 486 (6th Cir.2007) (citing *Putney v. Medical Mutual of Ohio*, 111 Fed. Appx. 803, 806–07 (6th Cir.2004))("conjecture ... is insufficient to 'throw open the doors of discovery' in an ERISA case.").

In this case, Plaintiff's claim that the Defendant Plan administrator wrongly denied him benefits is properly examined on summary judgment, under the arbitrary and capricious standard, as were the cases that he cites. But in this procedural challenge, he has not made a predicate showing of bias sufficient to "throw open the doors of discovery."

### B.   Due Process

" 'Procedural due process' at its core requires notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Garcia v. Fed. Nat. Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The requirement of due process in an ERISA claims

procedure case is expressed in 29 U.S.C. § 1133, which provides that every employee benefit plan must:

> "(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

Moreover, ERISA requires that a claimant be provided with access to and copies of all documents relevant to his or her claim for benefits. 29 C.F.R. § 2650.503–1(h)(2)(iii).

In terms of the present case, Plaintiff was sent written notice of the initial denial of his claim on or about January 2, 2018, consistent with ERISA regulations, and he in fact filed an appeal of that decision. Taking as true Plaintiff's claim that he did not receive the September 6, 2018 denial letter, he nevertheless received a second appeal, where he was represented by counsel. During the course of those proceedings, Plaintiff's counsel requested and received discovery, although he did not receive everything he asked for. Specifically, counsel did receive a full and complete copy of the administrative claims file, including the claim letter; the January, 2018 denial letter; a Credited Service Calculation letter dated July 19, 2017; an email from Plaintiff dated August 15, 2018; and the September 4, 2018 GRP Committee meeting agenda, which included "the relevant plan/policy provisions." *Defendant's Exhibit 1*, ECF No. 37-1, PageID.569-570.  He also received the appeal denial letter dated September

6, 2018 and a subsequent letter dated November 30, 2018. *Id*., PageID.570-571.

Plaintiff's counsel requested but was *not* provided with the following: an itemization of Plaintiff's payroll deductions; any evidence of Plaintiff "opting out" of the Contributory Service Credit portion of the General Retirement Plan; correspondence that Ford sent to Plaintiff's status within the Plan; insurance agreements, policies, or riders that might apply to the claim; any forms sent or received in connection with Plaintiff's participation in the Plan; brochures, benefit statements, or individual certificates distributed to participants; a summary and breakdown of all benefits paid to Plaintiff or that he would be currently entitled to; and, more generally, "any additional information not previously requested that contains information necessary for the participant to perfect a claim for benefits." *Id*., PageID.569-571.  The stated reason for not providing this information was, in each instance, "This was not relied upon, in, or otherwise submitted, considered, or generated in the course of making the benefit determination." *Id*.

So, Plaintiff clearly got notice of the denial of his claim in January of 2018 and, after he retained counsel, of the denial of his appeal in September of 2018. As to his opportunity to be heard, he was given two appeals, and was represented by counsel in the second appeal. He was given ample opportunity to present his own evidence and arguments in support of his claim. And importantly, his attorney requested and was provided with discovery during the second appeal. While Plaintiff might argue that he was not in fact given all of the discovery he requested, he was given all *relevant* discovery, as ERISA defines relevancy. In

*Buchanon v. Prudential Ins. Co. of Am.*, 2016 WL 4087233, at *3 (E.D. Mich. Aug. 2, 2016), the Court stated the scope of relevance under ERISA regulations:

> "A document is relevant if: (1) it was relied upon in making the benefits determination; or (2) if it was submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record, or other information is relevant to a claim for benefits. 29 C.F.R. § 2560.503–1(m)(8)."

In this case, the documents that were not produced were neither relied upon nor submitted, considered, or generated during the course of the Committee's benefit determination. By definition under 29 C.F.R. § 2560.503–1(m)(8), Plaintiff's requests were not relevant.

In short, the administrative proceedings were conducted in full compliance with the applicable ERISA regulations, and Plaintiff was provided with notice and opportunity to be heard consistent both with the regulations and with due process.

## IV.   CONCLUSION

Plaintiff's Procedural Challenge [ECF No. 33] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 14, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 14, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Hon. R. Steven Whalen
